UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID BARTLET LOWELL AND SHANA I. LOWELL** : | |
| : | CIVIL ACTION NO. |
| **Plaintiffs** | |
| : | |
| **VERSUS** | |
| : | JUDGE |
| **JASON ARD, LIVINGSTON PARISH SHERIFF; WARDEN PERRY RUSHING, LIVINGSTON PARISH DETENTION CENTER; DEPUTY DEREK J. GAUDIN, LIVINGSTON PARISH SHERIFF'S OFFICE; AND DEPUTY JOHN DOE, LIVINGSTON PARISH SHERIFF'S OFFICE** : | MAGISTRATE JUDGE |
| | JURY DEMANDED |
| **Defendants** | |

# COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes David Bartlet Lowell and Shana I. Lowell, both of whom respectfully files this Complaint against the named defendants for the reasons more fully set forth, as follows:

JURISDICTION AND VENUE

1.

This action arises under the Constitution of the United States, particularly under the provisions of the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly 42 U.S.C. § 1983.  Also, Plaintiffs make one or more claims under the Louisiana Constitution and Louisiana "tort" law.

2.

Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1343, as this Court has "federal question" subject matter jurisdiction concerning these parties. In addition, the principles of supplemental jurisdiction are invoked over the non-federal question cause(s) of action remaining; as this Court has jurisdiction of these claims pursuant to 28 U.S.C. § 1367.

<u>VENUE</u>

3.

Venue is appropriate in the Middle District of Louisiana pursuant to 28 U.S.C. § 1391.

<u>PARTIES</u>

4.

Plaintiffs herein are:

A.   **DAVID BARTLET LOWELL** (hereinafter referred to as "David" or "Plaintiff"), a person of the full age of majority, domiciled in the Parish of Livingston, State of Louisiana; and

B.   **Shana I. Lowell** (hereinafter referred to as "Shana" or "Plaintiff"), also a person of the full age of majority, domiciled in and a resident of the Parish of Livingston, State of Louisisana,

5.

Made defendants herein, on information and belief, are the following:

A.   **SHERIFF JASON ARD** (hereinafter referred to as "Sheriff Ard"), who was, at all times pertinent hereto, duly elected Sheriff of Livingston Parish, State of Louisiana;

B.   **WARDEN PERRY RUSHING** (hereinafter referred to as "Warden Rushing"), who was, at all times pertinent hereto, the Warden of the Livingston Parish Detention Center, Livingston Parish, State of Louisiana;

C.   **DEPUTY DEREK J. GAUDIN** (hereinafter referred to as "Deputy Gaudin"), who was,

at all times pertinent hereto, a duly commissioned employee of the Livingston Parish Sheriff's Office, then acting in his capacity as a Deputy Sheriff of Livingston Parish, State of Louisiana; and

D.  **DEPUTY JOHN DOE** (hereinafter referred to as "Deputy Doe"), a yet to be identified duly commissioned employee of the Livingston Parish Sheriff's Office, then acting in his capacity as a Deputy Sheriff of Livingston Parish, State of Louisiana.

FACTS

6.

On or about January 6, 2017, David went to the Neighborhood Walmart Market located at 25820 Louisiana Highway 16 in Denham Springs, Louisiana, to purchase some items needed by him.

7.

While in the store, David went to the public facility, whereupon and after a period of time, David was forcibly removed from the public facility within the premises by, *inter alios*, Deputy(s) Gaudin and Doe.

8.

After being forcibly removed from the public facility, Deputy(s) Gaudin and Doe escorted David to an area outside of the store, but still on the premises and between the entry door and the exit door, whereupon Deputy Gaudin began to question David regarding his identity and his reason for being on the premises.

9.

During Deputy(s) Gaudin and Doe's questioning of David, suddenly and without warning and/or provocation, Deputy Gaudin brutally attacked David, throwing him forcefully to the

ground, causing abrasions to his hands, knees and to his face.

10.

Following Deputy Gaudin's throwing him to the ground, with great force, Deputy Gaudin attempted to secure David's hand behind his back with his handcuff. Upon witnessing these actions by Deputy Gaudin, Deputy Doe joined Deputy Gaudin in his unprovoked attack upon David.

11.

Deputy Doe intervened in Deputy Gaudin's unprovoked attack on David by striking him in the neck and upper back with great force. Deputy(s) Gaudin and Doe's unprovoked attack upon David, and Deputy Doe's striking of David with his knee in the neck and upper back was excessive and was an unreasonable use of force upon the person of David.

12.

After the Plaintiff was attacked, David was transported to the Livingston Parish Detention Center, which is/was under the supervision of Defendant Warden Rushing, where he was booked and detained.

13.

During his detention, David continued to complain that he had severe pain in his neck and back area, which complaints were ignored. On information and belief, David, at long last, was seen by a health care provider while detained at the Livingston Parish Detention Center on the Tuesday, following his arrest and detention on the previous Saturday/Sunday.

14.

Plaintiff avers, on information and belief, that on Friday, January 13, 2017, he was finally transported to Lallie Kemp Regional Medical Center, where his neck and upper back were x-

rayed, which objective orthopaedic diagnostic testing, on information and belief, revealed a fracture of his C-6 vertebrae.

15.

As a result of the incident described in the paragraphs above, David was forced to undergo medical treatment, and has suffered and will continue to suffer restrictions and limitations on his activities as well as pain and suffering, mental anguish, aggravation and inconvenience.

16.

As a result of the incident described in the paragraphs above, David has suffered special damages in the form of medical expenses incurred as a result of the excessive and unreasonable use of force, and may continue to incur medical expenses as a result of the incident at issue herein.

17.

David avers that as a result of the pain and disability sustained thereby, he was unable to work, and has suffered special damages in the form of lost earnings in the amount to be proven with particularity at trial of this matter.

18.

Shana avers that as a result of the physical injury sustained by her husband, David, she has sustained the loss of consortium, society, companionship and services, entitling her to sue in her own right for those such damages.

VIOLATIONS OF LAW

19.

Plaintiff was subjected to excessive and unreasonable use of force upon his person during his encounter with Deputy(s) Gaudin and Doe.

20.

Plaintiff failed to receive the reasonable and necessary medical care needed by him as a result of the injuries received and sustained as a result of the excessive and unreasonable use of force upon his person during his encounter with Deputy(s) Gaudin and Doe.

21.

Sheriff Ard was negligent in hiring, supervising and training the defendants, Warden Rushing and Deputy(s) Gaudin and Doe. Sheriff Ard failed to properly instruct or train Deputy(s) Gaudin and/or Doe, particularly in the grounds for the use of force in the course of an arrest, investigatory stop or other seizure, and to properly supervise them the performance of their use of force and to instruct them in the proper method of making an arrest with respect to when and how much force should be used.

22.

The conduct of defendant(s) deprived David of the following rights, privileges, and immunities secured to him by the Constitution and/or statutes and/or law of the United States of America and/or the State of Louisiana:

A.  The right of the plaintiff to be secure in his person, and to be free from the excessive and unreasonable use of force, which is secured to him under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and/or under Article 1, Section 2 and/or 5 of the Louisiana Constitution of 1974, and/or

B.    The right of the plaintiff to be free and not subjected to excessive bail, nor excessive fines, nor cruel and unusual punishments, which is secured to him by the Eighth Amendment of the Constitution of the United States and/or under Article 1, Section 20 of the Louisiana Constitution of 1974, and/or

C.    The plaintiffs were damaged by the actions of defendant(s) in violation of Louisiana Civil Code Article(s) 2315, 2316 and/or 2320.

## DAMAGES

23.

Plaintiffs itemizes their damages sustained as a result of this incident as follows:

A.    Medical expenses - past, present and future;

B.    Pain and suffering - past, present and future;

C.    Mental anguish and/or mental pain, humiliation, embarrassment, inconvenience, emotional distress, loss of enjoyment of life, and other non-pecuniary losses - past, present and future;

D.    Loss of consortium; and

E.    Any other damages which may be proved at a trial on the merits.

24.

The acts, conduct and/or behavior of defendant(s) was/were performed knowingly, intentionally, and/or maliciously against the Plaintiff.

25.

Further, the acts, conduct and/or behavior of defendant(s) was/were grossly negligent, and/or constituted willful or wanton misconduct and/or were in reckless disregard of plaintiff's civil rights, thus entitling the plaintiffs to an award of punitive damages in the amount of

$1,000,000.00.

26.

In accordance with 42 U.S.C. § 1988, Plaintiffs are entitled to reasonable attorney's fees and costs of the present action.

27.

Plaintiffs are entitled to, and therefore demands, a trial by jury as to all counts of this civil action wherein a trial by jury is recognized.

**WHEREFORE**, plaintiffs David Bartlet Lowell and Shana I. Lowell pray that after due proceedings are held that there be judgment in their favor and against defendants: Sheriff Jason Ard; Warden Perry Rushing; Deputy Derek J. Gaudin; and Deputy John Doe for the following: medical expenses - past, present and future; pain and suffering - past, present and future; mental anguish and/or mental pain, humiliation, embarrassment, inconvenience, emotional distress, loss of enjoyment of life, and other non-pecuniary losses - past, present and future; loss of consortium; punitive damages in the amount of $1,000,000.00; any other damages which may be proved at a trial on the merits, and reasonable attorney's fees and costs of the present action. Plaintiffs further pray for trial by jury. Plaintiffs further pray for all general and specific, legal and equitable, relief necessary in the premises.

RESPECTFULLY SUBMITTED

JOHN B. BRUMFIELD, JR.
**A PROFESSIONAL LAW CORPORATION**

11924 Justice Avenue • Suite C
Post Office Box 3515
Baton Rouge, Louisiana 70821-3515
Telephone (225) 383-7002
Fascimile   (225) 383-7092

        LSBA # 21,506
        E-mail Address: jbb_atty@bellsouth.net


BY:   ***/s/John B. Brumfield, Jr.***
        JOHN B. BRUMFIELD, JR.
        (Trial Attorney)

AND

DONNIE L. FLOYD
**A PROFESSIONAL LAW CORPORATION**
17487 Old Jefferson Hwy., Suite B
Prairieville, Louisiana 70769
Telephone (225) 677-8300
Fascimile   (225) 677-8653
LSBA # 05623
E-mail Address: legal@donnielfloyd.com


BY:   ***/s/Donnie L. Floyd***
        DONNIE L. FLOYD