UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID BARLET LOWELL, ET AL.                    CIVIL ACTION

VERSUS
                                                NO. 17-187-BAJ-RLB
JASON ARD, LIVINGSTON PARISH
SHERIFF, ET AL.

# ORDER

Before the Court is Plaintiffs' Motion to Modify Case Management and Scheduling Order, and to Extend Pretrial Deadlines (R. Doc. 51) filed on January 25, 2019. Plaintiffs seek extensions of the Court's discovery and other pre-trial deadlines for the purpose of naming Livingston Parish as a defendant and in light of the parties' inability to complete discovery.

Also before the Court is Defendants' Motion to Stay Discovery with Request for Expedited Consideration (R. Doc. 53) filed on February 7, 2019. Defendants seek a stay of the remaining discovery deadlines in this action in light of their pending motions for summary judgment (R. Docs. 39, 42), which Defendants assert will resolve all claims brought by Plaintiffs.

The deadlines for filing oppositions to the foregoing motions have expired. LR 7(f). Accordingly, both motions are deemed unopposed.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the

party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Plaintiffs have not established good cause for an extension of the deadline to join other parties or to amend the pleadings based on their representations. The deadline to amend the pleadings expired on January 31, 2018. (R. Doc. 30).[1] Plaintiffs assert that it was not until they received interrogatory responses on March 30, 2018 that "it could conceivably be gleaned that the Parish of Livingston needs to be added as a defendant, as the Livingston Parish government provides medical staff for the Livingston Parish Detention Center." (R. Doc. 51 at 4). It is unclear why the receipt of discovery responses would be required to identify Livingston Parish as a defendant in this action. Furthermore, Plaintiffs do not explain why they waited nearly 10 months after receiving the interrogatory responses to file a motion seeking to name Livingston Parish as a defendant. Finally, Plaintiffs did not submit any proposed pleading for the Court to consider with regard to their late request to amend the pleadings.

Plaintiffs have also failed to establish good cause for an extension of the deadline to complete non-expert discovery. The instant motion was filed one week before the close of that deadline. Plaintiffs do not, as required by the Court's Scheduling Order (R. Doc. 30 at 2), provide information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, or any other information demonstrating that the parties have diligently pursued discovery. Plaintiffs state that "discovery could be completed within six months, once the case is at issue." (R. Doc. 51 at 4). If

---

[1] Contrary to Plaintiffs' representation that this deadline was established on March 6, 2018 (R. Doc. 51 at 1), it was in fact established on December 20, 2017.

Plaintiffs are suggesting that additional discovery is required in light of the proposed addition of Livingston Parish as a defendant, that issue is moot in light of the Court's denial of the amendment.

Plaintiffs have separately sought leave to conduct additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to oppose the motion for summary judgment filed by Jason Ard and Perry Rushing. (R. Doc. 46). That motion is opposed. (R. Doc. 52). This Order does not control that issue. The district judge will separately determine whether any such discovery is merited.

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Having reviewed the record, the Court finds good cause pursuant to Rule 26(c) to stay all expert discovery deadlines in this action.[2] Resolution of the pending motions for summary

---

[2] The deadline for Plaintiffs to disclose the identities and resumes of their experts expired prior to the filing of Defendants' Motion to Stay Discovery. Given the timing of the parties' motions, and to avoid any prejudice to Plaintiffs, the Court finds good cause to reopen this expired deadline, which shall be reset, if applicable, at the expiration of the stay of expert discovery.

judgment may preclude the need for the parties to incur significant expenses regarding experts. Plaintiffs do not oppose this relief.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Modify Case Management and Scheduling Order, and to Extend Pretrial Deadlines (R. Doc. 51) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery with Request for Expedited Consideration (R. Doc. 53) is **GRANTED**. All expert discovery deadlines are **STAYED** pending resolution of Defendants' motions for summary judgment (R. Docs. 39, 42). Counsel shall inform the undersigned's chambers of any rulings on Defendants' motions for summary judgment upon receipt of such rulings.

Signed in Baton Rouge, Louisiana, on March 8, 2019.

						 _____
						 **RICHARD L. BOURGEOIS, JR.**
						 **UNITED STATES MAGISTRATE JUDGE**