UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID BARTLET LOWELL, ET AL. | CIVIL ACTION |
| VERSUS | |
| JASON ARD, ET AL. | NO.: 17-00187-BAJ-RLB |

## RULING AND ORDER

Before the Court are Defendants Derek J. Gaudin and Cory Winburn's **Motion for Summary Judgment (Doc. 39)** and Defendants Jason Ard and Perry Rushing's **Motion for Summary Judgment (Doc. 42)**. For the reasons that follow, both motions for summary judgment are **GRANTED**.

I.   BACKGROUND

A. Plaintiff's Arrest

On Saturday, January 7, 2017, Plaintiff was found asleep in the men's restroom a Walmart Neighborhood Market in Denham Springs around 2:00 A.M. Store personnel called law enforcement, and Plaintiff alleges that when the Sheriff's deputies arrived, officers forcibly removed him from the store. (Doc. 1 at ¶ 7). Once removed from the store, Plaintiff alleges that Deputies Derek J. Gaudin and Cory Winburn questioned him, then suddenly attacked him. (Id. at ¶8,9). Plaintiff further alleges that he was thrown to the ground and struck in the neck and upper back. (Id. at ¶ 9,11). Plaintiff asserts that the attack was unprovoked and that he did not resist arrest. (Id. at ¶ 10). After arresting Plaintiff, Defendants transported him to the

1

Livingston Parish Detention Center, which Defendant Warden Perry Rushing supervised. (Id. at ¶ 12). Plaintiff was booked and detained. On August 1, 2017, Plaintiff pleaded guilty to the charge of Resisting an Officer under Louisiana Revised Statute 14:108. Plaintiff was sentenced to one month in the Livingston Parish Jail. Plaintiff's sentence was later suspended, and he was given credit for the time served (Doc. 44 at pg. 6).

### B. Plaintiff's Alleged Post-Arrest Injuries

Throughout his detention, Plaintiff alleges he complained of severe back and neck pain. (Id. At ¶ 13). After an examination by a health care provider at the detention center, Plaintiff was transported to Lallie Kemp Regional Medical Center, where X-rays and diagnostic testing revealed a fracture of his C-6 vertebrae. (Id. at ¶ 14).

On March 24, 2017, Plaintiff filed a complaint against Gaudin, John Doe, Sheriff Jason Ard, and Warden Perry Rushing. Plaintiff amended the complaint to include Defendant Winburn, who was named "John Doe" in the initial complaint.

Plaintiff sued Gaudin and Winburn under 42 U.S.C. § 1983 for excessive force, violations of the Fourth, Eighth, and Fourteenth Amendments, and state law claims of intentional torts and negligence. Plaintiff sued Ard for vicarious liability for the negligent hiring, training, and supervision of Gaudin, Winburn, Rushing. (Doc. 1 at ¶ 21).

Plaintiff alleges that as a result of the alleged unprovoked attack, he underwent medical treatment and continues to suffer pain, mental anguish,

aggravation, and the inconvenience of restrictions in his activities. (Id. At ¶ 15). Plaintiff asserts special damages such as medical expenses and lost wages and asserts that he may continue to incur medical expenses as a result of the incident. (Id. at ¶ 16, 17). Plaintiff's wife joined the complaint to assert damages of loss of consortium, society, companionship, and services. (Id. at ¶ 18).

### C. Motions for Summary Judgment

Gaudin and Winburn filed a **Motion for Summary Judgment (Doc. 39)** asserting that Plaintiff resisted arrest, and that Plaintiff pleaded guilty to and was convicted of Resisting an Officer under La. R.S. 14:108. Although Plaintiff claims that he never resisted arrest[1], Defendants assert that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Defendants Ard and Rushing also filed a **Motion for Summary Judgment (Doc. 42)**, arguing that the vicarious liability claims against them must be dismissed due to the absence of liability and the invocation of qualified immunity.

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in

---

[1] Plaintiff argues in his reply to Defendants' Motions for Summary Judgment that it may have appeared as though he resisted arrest because he has a medical condition that restricts his movement. He claims this condition prevented him from complying with officers' demands when they arrested him. (Doc. 42 at pg. 5).

3

the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

4

## III. DISCUSSION

Federal law provides a cause of action against "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State..., subjects, or causes to be subjected, any citizen... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws...." 42 U.S.C. §1983. To state a claim under §1983, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) show that the deprivation was committed by a person acting under color of state law. *Southwestern Bell Telephone, LP v. City of Houston,* 529 F.3d 257,260 (5th Cir. 2008). Although §1983 actions are potent proceedings designed to vindicate deprived rights, they are often vulnerable to dismissal under *Heck v. Humphrey,* otherwise known as the "*Heck* doctrine".

### A. Heck v. Humphrey

Gaudin and Winburn contend that because Plaintiff was convicted of resisting arrest, denying summary judgment and permitting him to pursue his claim would undermine the validity of the conviction. Under *Heck,* a §1983 claim must be dismissed if the adjudication of the claim would imply the invalidity of a plaintiff's prior criminal conviction or sentence. *Heck,* 512 U.S at 486-87. On a motion for summary judgment, whether there is a genuine issue of material fact in the basis for the conviction does not preclude the application of *Heck.* The *Heck* doctrine rests on the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. However, the constitutional violation claim will not be barred "if the factual basis for the conviction is temporally

and conceptually distinct from the excessive force claim." *Bush v. Strain*, 513 F.3d 492,498 (5th Cir. 2008).

1. **Excessive Force Claim**

Plaintiff claims that he was attacked without provocation by Gaudin and Winburn. Plaintiff avers that his rights to be secure in his person and to be free from the excessive and unreasonable use of force, which is secured to him under the Fourth and Fourteenth Amendments of the Constitution, were violated. Plaintiff initially alleged in his complaint that he never resisted arrest and did not mention his conviction for resisting an officer. However, when Defendants introduced the conviction in their motion to dismiss, Plaintiff, in his reply, admitted to the conviction and asserts that his guilty plea is "currently being challenged." (Doc. 44 at pg. 6).[2]

The Court finds that a favorable verdict on Plaintiff's excessive force claim would undermine his conviction. The factual basis of Plaintiff's conviction is not temporally and conceptually distinct from the excessive force claim. Had Plaintiff alleged that the excessive force was administered after he stopped resisting arrest, the factual basis for the conviction would be distinct from that of the claim. See *Bush v. Strain*, 513 F.3d 492,500 (5th Cir. 2008); See also *DeLeon v. City of Corpus Christi*, 488 F.3d 649,657 (5th Cir. 2007). Thus, proceeding with Plaintiff's claim directly

---

[2] Plaintiff notes in his reply that he is challenging his conviction. Plaintiff fails to describe with specificity how the conviction is being "challenged." A pending appeal to invalidate or reverse a conviction does not meet the exception to the *Heck* doctrine. Plaintiff must allow the entire appeal process take place. Then, if the proceeding results in an invalidation or reversal of his conviction, Plaintiff may bring suit against the officers and submit the reversal or invalidation as evidence.

6

challenges the validity of his conviction for resisting an officer. Accordingly, the Court finds that Plaintiff's excessive force claim must be dismissed.

## 2. Eighth Amendment Violation

The Eighth Amendment protects persons from excessive bail, fines, and cruel and unusual punishments. Plaintiff argues that his rights to be free and not subjected to excessive bail, nor excessive fine, nor cruel and unusual punishment, which he states is secured to him by the Eighth Amendment, was violated. Defendants argue that the Eighth Amendment claim against Gaudin and Winburn must be dismissed because Plaintiff was not a convicted inmate.

The Court finds that Plaintiff was not a convicted inmate; therefore, Plaintiff has no viable Eighth Amendment violation claim. See *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996). Accordingly, Plaintiff's Eighth Amendment claim is dismissed.

## 3. State Law Claims

Plaintiff asserts both intentional torts and negligence claims under Louisiana Civil Code articles 2315, 2316, and 2320. Defendants argue that pursuant to *Heck*, all state law claims must be dismissed. The Court agrees.

The *Heck* doctrine has been applied to bar state tort actions. As previously noted, the *Heck* Court held that a civil tort action is not an appropriate vehicle for challenging the validity of outstanding criminal judgments. *Heck*, 512 U.S. at 486. Because Plaintiff provides no detail as to which intentional tort was committed and how the Gaudin and Winburn were negligent in connection with such tort, the Court

7

finds that the state law tort claims arise from the same facts that resulted in the conviction, and that the conviction has not been reversed or invalidated. Plaintiff's state law tort claims are barred by the *Heck* doctrine. Accordingly, summary judgment shall be entered in favor of Gaudin and Winburn.

### B. Claims Against Ard and Rushing

Plaintiff presented claims of vicarious liability for excessive force against Ard and medical indifference against Rushing. These Defendants argue that the claims against them must be dismissed if *Heck* bars the claims against Gaudin and Winburn. Ard and Rushing also argue that qualified immunity applies to the claims brought against them.

#### 1. Medical Indifference

Plaintiff claims that he failed to receive the reasonable and necessary medical care for his alleged injuries suffered from the arrest. Although Plaintiff does not provide adequate details of these allegation, the Court assumes that Plaintiff asserts a medical indifference claim against Rushing, in his capacity as the Warden of the Livingston Parish Detention Center. While detained at the Livingston Parish Detention Center, Plaintiff claims that he complained of back and neck pain constantly. Plaintiff further claims that after he was arrested on Saturday, that he wasn't seen by medical personnel until the following Tuesday. Plaintiff claims he was later taken to a regional medical center nearly a week later, on Friday, January 13, 2017. Defendants argue that Plaintiff cannot meet the high burden of proving a medical indifference claim.

8

Deliberate medical indifference is an "'extremely high' standard to meet.'" *Brewster v. Dretkle*, 587 F.3d 764,769-770 (5th Cir. 2009)(quoting *Gobert v. Caldwell*, 463 F.3d 339,346 (5th Cir. 2006)). To show deliberate medical indifference, a plaintiff must show: (1) the defendants had "subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn," (2) that the defendants "actually drew that inference," and (3) that defendants' response to the risk indicates that they "subjectively intended that harm occur." *Tamez v. Manthey*, 589 F.3d 764,770 (5th Cir. 2009)(citing *Thompson v. Upshar Cty.*, 245 F.3d 447,458-59 (5th Cir. 2001)). A mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Easter v. Powell*, 467 F.3d 459,463 (5th Cir. 2006)(citing *Mendoza v. Lynaugh*, 989 F.2d 191,195 (5th Cir. 1993).

The Court finds that Plaintiff has not provided sufficient details to prove a medical indifference claim. The delay in treatment that Plaintiff alleges is insufficient alone to amount to medical indifference. Plaintiff's allegations, at the very least, show that Plaintiff was not ignored. Plaintiff was examined by medical personnel at both the detention center and a regional medical center all within one week of his arrest. Plaintiff also failed to show that Rushing, as warden, had anything to do with the medical treatment he received, and Plaintiff has failed to allege that anyone else at the Livingston Parish Detention Center was deliberatively indifferent to any substantial risk of harm to Plaintiff's health.

### 2. Vicarious Liability

Plaintiff argues that Ard is liable for negligently hiring, supervising, and training Gaudin, Winburn, and Rushing. Plaintiff further argues that Ard failed to properly instruct and train Gaudin and Winburn in the use of force, and to properly supervise them in their performance. Ard contends that Plaintiff failed to state a cause of action for vicarious liability. Ard further contends that there is no vicarious liability where no state law tort was committed by Gaudin and Winburn.

Under Louisiana Civil Code article 2320, "masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the function in which they are employed." Under Louisiana law, a parish sheriff is liable in his official, but not personal, capacity as an employer of a deputy, for the deputy's torts in the course and scope of employment. *Hoffpauir v. Columbia Cas. Co.*, No. CIV.A. 12-403-JJB, 2013 WL 5934699, at 13 (M.D. La. Nov. 5, 2013)(citing *Hall v. St. Helena Parish Sheriff's Dept.*, 668 F.Supp. 535,540 (M.D. La. 1987).

Although Plaintiff's claims against Gaudin and Winburn are barred by *Heck,* the preclusion of these claims should not be interpreted as a finding that Gaudin and Winburn did not commit a state law tort, as Ard contends. Nonetheless, the Court finds no vicarious liability against Ard because the *Heck* doctrine bars such liability. Plaintiff bases his vicarious liability claim on his excessive force claim. The Court finds that allowing the vicarious liability claim to proceed will also directly challenge the validity of Plaintiff's conviction for resisting an officer. Thus, the Court concludes that Plaintiff's vicarious liability claim against Ard must be dismissed.

### 3. Official and Individual Capacity Claims

Ard and Rushing argue that Plaintiff does not specify whether he is suing them in their official or individual capacity. To impose liability under an official capacity claim, a plaintiff must prove three elements: (1) that the defendant is a policymaker; (2) the existence of an official policy; and (3) a violation of a constitutional right whose moving force is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001). Plaintiff has failed to show that Rushing, as warden, is a policymaker; therefore, the absence of the first element precludes a possible official capacity claim against him. However, it is clear that Ard, as sheriff, is a policymaker. The second element of such claim requires that Plaintiff show that Ard created a policy that was officially adopted by the Sheriff's office. Last, Plaintiff is required to show that the policy instituted by Ard caused the alleged constitutional violation. Plaintiff has not pleaded nor shown any of the three elements required to prove an official capacity claim against Ard or Rushing.

As for individual capacity claims, Ard and Rushing argue that qualified immunity applies. Qualified immunity protects an official acting under color of state law in his or her individual capacity from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Batiste v. Theriot*, 458 Fed.Appx. 351, 354 (5th Cir. 2012)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A court must consider two elements in a qualified immunity defense: 1) whether plaintiff alleged a violation of a clearly established constitutional right, and 2) whether the official's

conduct was objectively reasonable under clearly established law existing at the time of the incident. Where an officer pleads qualified immunity as a defense, the burden shifts to plaintiff to negate this defense by establishing that the official's allegedly wrongful conduct violated clearly established law. *Bazan v. Hidalgo County*, 246 F.3d 481,490 (5th Cir. 2001). Plaintiff cannot rest on the pleadings; he must show genuine issues of material fact. *Id.*

Here, Plaintiff did not point to or raise any facts in rebuttal of Defendant's qualified immunity defense in his opposition to the motion for summary judgment. Thus, Plaintiff has failed to establish a genuine issue of material fact as to whether qualified immunity applies. Accordingly, the Court grants summary judgment in favor of Ard and Rushing.

### C. Shana Lowell's claims

Joining in this suit as a Plaintiff is Shana Lowell, Plaintiff's wife. Her claims are derivative claims for damages in connection with Plaintiff's injuries. She claims losses of consortium, society, companionship, and services. Here, the claims asserted by her spouse have been dismissed; therefore, the Court must also dismiss her pending claims.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motions for Summary Judgment (Doc. 39, 42)** are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims are **DISMISSED**.

Baton Rouge, Louisiana, this 30th day of September, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**